UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERVIN JEANTY,

                            Plaintiff,

            -against-

UNITED PARCEL SERVICE; CAROL B.
TOME; JOHN DOE (1),

                            Defendants.

21-CV-8312 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that Defendants discriminated against him based on his race, color, and national origin. By order dated October 22, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Kervin Jeanty brings this action against three defendants: United Parcel Service ("UPS"); Carol B. Tomé, Chief Executive Officer of UPS; and a John Doe UPS employee. Plaintiff alleges that on or about November 1, 2019, during a promotional event known as "Brown Friday," Plaintiff saw advertisements "that guaranteed a job at UPS." (ECF 2, at 5.) Plaintiff went to the UPS location in Nanuet, New York, and "was given the run around [and] told to wait." (*Id.*) The employees "disput[ed] the ad" and "were rude." (*Id.*) Plaintiff waited for ten minutes before an employee told him that "H.R. was gone for the day." (*Id.*)

"[A]n unmarked Clarkstown Police car" followed Plaintiff after he let the UPS location, and the officer pulled Plaintiff over after another driver "stopped short" in front of him. (*Id.*) Plaintiff writes, "My vehicle was then illegally searched and I am African American and Hispanic." (*Id.*)

Plaintiff does not mention Tomé in the body of the complaint, and it is unclear what role she played, if any, in the events giving rise to Plaintiff's claims.

Plaintiff asserts claims under federal and state law, seeking damages.[1] He indicates that he did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or any other government agency, and that he did not receive a Notice of Right to Sue from the EEOC. (*Id.* at 6.)

## DISCUSSION

### A.    Claims Under Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's

---

[1] This action is one of four that Plaintiff filed the same day. *See Jeanty v. Blue Rhino*, 1:21-CV-8326, 2 (S.D.N.Y. filed Oct. 7, 2021) (complaint asserting claims under Title VII and alleging that he did not receive a bonus and was eventually terminated); *Jeanty v. Bottini Fuel Oil*, ECF 1:21-CV-8316, 2 (S.D.N.Y. filed Oct. 7, 2021) (complaint asserting claims under Title VII and alleging that he was "fired for not driving in the snow"); *Jeanty v. United Parcel Service*, ECF 1:21-CV-08311, 2 (S.D.N.Y. filed Oct. 7, 2021) (complaint alleging that Plaintiff was not hired due to discrimination). Plaintiff also brought prior actions that are closed. *See, e.g., Jeanty v. Precision Pipeline Solutions LLC*, ECF 7:18-CV-7721, 78 (S.D.N.Y. Feb. 24, 2021) (granting summary judgment for employer on Title VII claim); *Jeanty v. Newburgh Beacon Bus Corp.*, 7:17-CV-9175, 30 (S.D.N.Y. Nov. 19, 2018) (granting motion to dismiss employment discrimination claims).

protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against

an employee who has opposed any practice made unlawful by those statutes, *see Crawford v.*

*Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s],"

"resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason

other than an employee's protected characteristic or opposition to unlawful conduct is not

actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513

F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly

allege that (1) the employer took adverse employment action against him, and (2) his race, color,

religion, sex, or national origin was a motivating factor in the employment decision." *Vega v.*

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by

alleging facts that directly show discrimination or facts that indirectly show discrimination by

giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff fails to state a claim that Defendants discriminated against him because he

does not allege that his race, color, or national origin were motivating factors in the decision not

to hire him. Plaintiff alleges only that (1) UPS employees "disputed" the ad and were "rude" to

him, and after waiting ten minutes, an employee told Plaintiff that "H.R. was gone for the day";

(2) after leaving the UPS location, a police officer in an unmarked police vehicle pulled Plaintiff

over and illegally searched his car; and (3) Plaintiff is African American and Hispanic. Plaintiff

does not allege that any UPS employee refused to hire him because of his race, color, or national

origin. Plaintiff therefore fails to state a claim on which relief can be granted under Title VII.

The Court also notes that, even where administrative exhaustion is required, such as for a

Title VII claim, a plaintiff is not required to plead in his complaint that he has exhausted his

administrative remedies in order to state a claim. *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct.

1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional."); *Hardaway v.

Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[T]he burden of pleading and

proving Title VII exhaustion lies with defendants and operates as an affirmative defense.").

Nevertheless, where a plaintiff has not exhausted administrative remedies, by filing a charge with

either the EEOC or the New York State DHR, the Title VII claim may later be subject to

dismissal on that basis if the issue is raised later in the litigation and a failure to exhaust remedies

is not excused. *See Hardaway*, 879 F.3d at 491 (holding that Title VII's "administrative filing

requirements operate 'like a statute of limitations,' and could be excused under certain

doctrines") (relying on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

**B.      Claims Under Section 1981**

Plaintiff invokes 42 U.S.C. § 1981. Section 1981 "sets forth a remedy for employment

discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460

F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment

discrimination must plausibly allege sufficient facts to demonstrate that: (1) he is a member of a

protected class, (2) he was qualified for his position, (3) he suffered an adverse employment

action, and (4) the adverse action took place under circumstances giving rise to the inference of

discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010); *McDowell v. North

Shore-Long Island Jewish Health Sys., Inc.*, 788 F. Supp. 2d 78, 81 (E.D.N.Y. 2011) ("At the

pleading stage of a Section 1981 discrimination claim, the Court does not apply the familiar

*McDonnell Douglas* burden shifting test used to analyze the evidentiary support for

discrimination claims, but rather generally assesses the plausibility of the plaintiff's claim based

on the facts alleged.").

"[N]aked assertions of racial motivation will not suffice to state a cause of action" under Section 1981. *Boomer v. Bruno*, 134 F.Supp.2d 262, 269 (N.D.N.Y. 2001)). Instead, "[f]act-specific allegations of a causal link between the defendant's actions and the plaintiff's race are required." *Jenkins v. Arcade Bldg. Maintenance*, 44 F. Supp. 2d 524, 528 (S.D.N.Y. 1999). Moreover, "[a]n individual may be held liable under [Section] 1981. . . only if that individual is 'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks and citation omitted). Here, Plaintiff's Section 1981 claim suffers from the same defects as his Title VII claim. Plaintiff fails to allege facts suggesting that Defendants did not hire him because of his race, national origin, or color. Plaintiff's allegations thus fail to state a claim under Section 1981 against Defendants.

<h2 style="text-align:center">LEAVE TO AMEND</h2>

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for employment discrimination, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do,
   the approximate date and time of each event, and the general location where each
   event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
   relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 30 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 21-CV-8312 (LTS). An Amended Complaint for

Employment Discrimination form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such

failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    November 5, 2021
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED**
**COMPLAINT**
**FOR EMPLOYMENT**
**DISCRIMINATION**

Jury Trial:  □ Yes  □ No
         *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:***  *In order to bring suit in federal district court under Title VII, you must first obtain a*
*Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:***  *In order to bring suit in federal district court under the Age Discrimination in*
*Employment Act, you must first file a charge with the Equal Employment Opportunity*
*Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
*you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
*Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

*Rev. 07/2007*            1

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

                    Employer  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

        _____        Failure to hire me.

        _____        Termination of my employment.

        _____        Failure to promote me.

        _____        Failure to accommodate my disability.

        _____        Unequal terms and conditions of my employment.

        _____        Retaliation.

_____        Other acts *(specify)*: _____.

> **Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐        race    _____            ☐        color    _____

☐        gender/sex    _____            ☐        religion_____

☐        national origin    _____

☐        age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐        disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> **Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

**Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

*Rev. 07/2007*                    4