UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERVIN JEANTY,

                        Plaintiff,

       -against-

UNITED PARCEL SERVICE; CAROL B. TOME; JOHN DOE (1),

                        Defendants.

21-CV-8312 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff Kervin Jeanty brings this action *pro se*. By order dated November 5, 2021, the Court directed Plaintiff to file an amended complaint within 30 days of that date of that order. (ECF 4.) Plaintiff failed to file an amended complaint, and by order dated December 14, 2021, the Court dismissed the complaint and entered judgment. (ECF 5, 6.) On December 15, 2021, the Court received from Plaintiff a letter, which was dated December 10, 2021, in which Plaintiff asked the Court for an extension of time to file an amended complaint because he was detained in the Orange County Jail. (ECF 7.) On February 21, 2021, the Court granted Plaintiff's request, directed the Clerk of Court to vacate the Court's December 14, 2021, order of dismissal and judgment and to reopen the action, and directed Plaintiff to file an amended complaint within 30 days of the date of that order. (ECF 8.) Copies of the Court's order were mailed to both Plaintiff's address of record and his address at the Orange County Jail. Plaintiff did not file an amended complaint, and by order dated February 22, 2022, the Court dismissed the action. (ECF

9.) Judgment was entered on the same day. (ECF 10.) Copies of the order and judgment were again mailed to both Plaintiff's address of record and the Orange County Jail.[1]

On April 26, 2022, 62 days after judgment was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal (ECF 11) and a notice of appeal (ECF 12). In the motion, Plaintiff states that he did not file a timely notice of appeal because he "was incar[c]erated and or quar[a]ntine, without access to legal materials. (10/7/21 – 3/25/22)[.]" (ECF 11, at 1.) For the following reasons, the Court denies Plaintiff's motion for an extension of time.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Here, Plaintiff filed the motion on April 26, 2022, 63 day after judgment was entered on February 22, 2022. Because Plaintiff's motion was not filed within 60 days after the entry of judgment, the Court does not have authority under Rule 4(a)(1)(A) to extend the time to appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over 30 days after expiration of initial appeal period).

---

[1] On March 25, 2022, the copy of the order and judgment mailed to the Orange County Jail was returned to the Court as undeliverable.

The Court can construe Plaintiff's motion as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rule of Appellate Procedure. *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure.").

Rule 4(a)(6) permits a district court to reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. First, the court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(a). A party receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b). *Commc'n Network Int'l, Ltd. v. MCI WorldCom Commc'ns., Inc.,* 708 F.3d 327, 333-34 (2d Cir. 2013) ("Rule 4(a)(6) was 'designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service' and a holding that service equals receipt 'would prevent the rule from serving that function.'").

Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Finally, the Court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Notes for Rule 4 define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk

of reversal, consequences that are present in every appeal." Advisory Committee Notes to 1991 Amendments to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(6).

Here, Plaintiff does not state when he received notice of entry of judgment, but instead alleges that he was incarcerated or under quarantine between October 7, 2021, and March 25, 2022. (ECF 11, at 1.) For the purposes of this order, the Court assumes that Plaintiff received notice of entry of judgment when the period of incarceration and quarantine ended on March 25, 2022. Plaintiff did not file the motion until April 26, 2022, 32 days after he received notice. Because Plaintiff did not file the motion within 14 days after receiving notice of the entry of judgment, he does not meet the second condition to permit the Court to reopen the time to file an appeal under Rule 4(a)(6).[2]

For the reasons stated above, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 11.)

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] The Court notes that Plaintiff appears to have received and responded to Court notices and documents during his period of incarceration and quarantine. For example, Plaintiff presumably received the Court's November 5, 2021, order to amend because he filed his December 21, 2021, letter seeking an extension of time to file an amended complaint from the Orange County Jail during this period of incarceration. (*See* ECF 7.) Moreover, after the Court learned that Plaintiff was detained in the Orange County Jail, all orders were mailed to both his address of record and to the facility. The Court's December 21, 2021, order directing Plaintiff to file an amended complaint was presumably delivered to both addresses. The copy of the order of dismissal and judgment sent to the facility was returned as undeliverable, but the copy mailed to Plaintiff's address of record was not returned and was presumably delivered.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 10, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

5